IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3-03-CR-0395-G(02) |
| | § | NO. 3-05-CV-0994-G |
| MARIA ROSALINDA V. BAUTISTA | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Defendant Maria Rosalinda V. Bautista, appearing *pro se*, has filed a motion to correct, vacate, or set aside her sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be denied.

I.

Defendant was convicted by a jury of conspiracy to commit mail fraud in violation of 18 U.S.C. § 371. Punishment was assessed at 46 months confinement followed by supervised release for a period of three years. Her appeal was dismissed for want of prosecution. *United States v. Bautista*, No. 04-10814 (5th Cir. Sept. 2, 2004). Defendant now seeks post-conviction relief pursuant to 28 U.S.C. § 2255.

II.

In her sole ground for relief, defendant contends that her sentence was enhanced based on facts not submitted to the jury or proved beyond a reasonable doubt in violation of the Sixth Amendment to the United States Constitution.[1]

---

[1] Under the federal sentencing guidelines, the base offense level for conspiracy to commit mail fraud is six. *See* U.S.S.G. § 2B1.1(a) & 2X1.2(a). If the resulting loss is more than $120,000 but less than $200,000, the offense level is increased by 10. *Id.* § 2B1.1(b)(1)(F). The sentencing guidelines also provide for a four-level increase if the offense involved more than 50 victims and an additional two-level increase if the defendant knew or should have known that

In *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), a majority of the Supreme Court held that an enhanced sentence imposed by a judge under the Washington Sentencing Reform Act, which was based on facts neither admitted by the defendant nor found by a jury, violated the Sixth Amendment to the United States Constitution. *Blakely*, 124 S.Ct. at 2538. The Court recently extended its holding in *Blakely* to invalidate the mandatory nature of the federal sentencing guidelines. *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 738, 759, 160 L.Ed.2d 621 (2005). However, *Booker* does not apply retroactively to cases on collateral review. *Id.*, 125 S.Ct. at 769 (Breyer, J.), *citing Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987) (holding that decision applies "to all cases on *direct review*") (emphasis added). *See also In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005) (citing cases) (holding that *Booker* is not applicable to cases already final). Consequently, defendant is not entitled to post-conviction relief on this ground.

## **RECOMMENDATION**

Defendant's motion to correct, vacate, or set aside her sentence should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

the victims were especially vulnerable. *Id.* §§ 2B1.1(b)(2)(B) & 3A1.1(b)(1). Here, the district court found that the amount of loss exceeded $176,481, that the offense involved 224 victims, and that defendant took advantage of undocumented aliens. (*See* PSR at 4, ¶¶ 17 & 19). Therefore, defendant was sentenced based on a total offense level of 22.

DATED: July 22, 2005.

_____
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE